# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARRYL BLOCKTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-CV-83-SNLJ |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Plaintiff Darryl Blockton (registration no. 151748), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.65. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $28.25, and an average monthly balance of $15.38. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. §1983 for alleged deprivation of rights based on racial discrimination. Named as defendants are Troy Steele, Warden of SECC; George Lombardi, Director of Missouri Department of Corrections; Mike Kemna Deputy Director of Division of Adult Institutions; Dan Martinez, Functional Unit Manager of Segregation at SECC; Johnny Williams, Acting Assistant Warden at SECC; Omar Clark, Acting Warden at SECC; and G. Cook, Investigator at SECC.

Plaintiff says he was placed in administrative segregation following his cell mate, Norman Brown #191425, being found unresponsive in his cell. Plaintiff alleges that he was held in administrative segregation for four months, pending investigation of the matter. Plaintiff claims that his 8th Amendment rights were violated by his being kept in administrative segregation for four months. Plaintiff alleges that he was

3

racially discriminated against by the Defendants, in violation of the 14th Amendment. Plaintiff claims that he was unnecessarily placed in administrative segregation based solely on his being a "black American." Here, Plaintiff, a black inmate, claims that he was treated differently than an allegedly similarly situated white inmate. Plaintiff specifically identifies Artha Armstrong, a "white American inmate," who he claims was similarly situated to him. Plaintiff argues that Armstrong did not get placed in administrative segregation or lose any of his privileges when his cell mate was found unresponsive in his cell, whereas Plaintiff was placed in administrative segregation and lost several privileges when his cell mate was found unresponsive. Further, Plaintiff distinguishes his case from Armstrong's case because Armstrong's cell mate died after being found unresponsive, where Plaintiff's cell mate survived. Plaintiff believes that because Armstrong's cell mate died, Defendants had more reason to place him in administrative segregation, but because he is white, they did not.

Plaintiff further alleges that his placement in administrative segregation caused him to lose his job assignment, his assigned housing unit and his "life skills" program. Plaintiff believes that he is injured because he lost his time invested in the class and also because the class was terminated while he was in administrative segregation, and therefore, when he is before the parole board next year he will be

unable to present his completion of the program and ability to become a productive citizen of society.

Plaintiff is suing each Defendant in both their individual and official capacity.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  9th  day of June, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE